## UNITED BILT HOMES, INC. *v.*
## Thomas ELDER and Loraine ELDER, His Wife

81-13                                    615 S.W. 2d 367

### Supreme Court of Arkansas
### Opinion delivered May 18, 1981

*Wilson, Gunter & Walker, P.A.*, for appellant.

*Wommack, Lindsay & Associates*, by: *Mark Lindsay*, for appellees.

ROBERT H. DUDLEY, Justice. This is a usury case. Appellant, United Bilt Homes, contracted to build and to finance appellees' home for $17,350 with interest at the rate of 10 percent. The debt was evidenced by an amortized installment promissory note and was secured by a mortgage

on the property. After the house was built, the appellees became delinquent in their payments and appellant filed this foreclosure action. The Chancellor found the transaction to be usurious, cancelled the debt and discharged the mortgage lien.

The $17,350 contract price included an $860 charge for insulation and a $960 charge for cabinets, or $1,820 for the two items. Appellant furnished neither and instead gave appellee $1,100 to supply and install both items. If the $720 difference between the price charged and the rebate given is counted as interest, the transaction is usurious. The appellant contends that the $720 should not be considered as interest, but rather it should be considered as profit. It argues that if it had entered into a subcontract with a third party to provide and install these two items at the same figure, it would not be a usurious transaction. Appellant contends that the $720 would be profit under those conditions, and it should make no difference whether a third person is involved.

It does matter, and the distinction lies in the fact that when a third party is involved appellant has the responsibility for selecting that person and has the potential liabilities that accompany sub-letting part of the work. In this case all the appellant has done is to supply $1,100 cash and received $1,820 principal on the promissory note plus 10 percent interest. This is a charge for the use of money as nothing else was supplied. Any sum added to the cash price as interest, differential or carrying charge in excess of 10 percent per year simple interest renders the transaction void. *First National Bank of Memphis* v. *Thompson*, 249 Ark. 972, 463 S.W. 2d 87 (1971).

Appellant also contends that the trial court erroneously admitted into evidence a document prepared by appellant's salesman because it was not properly authenticated. We disagree. Rule 901 (b) (1) of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 et seq (Repl. 1979) allows a document to be authenticated by the testimony of a witness with knowledge that a matter is what it is claimed to be. That method was used in this case. Appellant also argues that appellees were party proponents and the trial court

erred in allowing one of them to supply the authentication. The trial court was correct. The fact that a party proponent supplied the authentication does not go to the admissibility, although it may go to the weight to be given the evidence.

Appellee has submitted a bill for $4.90 for the cost of printing two paragraphs of the supplemental abstract and states it took one hour to prepare. Appellant has filed a reply brief disputing the two paragraphs in the supplemental abstract. We consider the matter trivial, and under the de minimis rule do not consider it.

Affirmed.